# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEX TURETSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 10491 |
| | ) |
| AMERICAN DRUG STORES, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Defendants allegedly operate pharmacies. Plaintiff Alex Turetsky (Turetsky) contends that in order to protect patients' health, pharmacists are required to follow physicians' orders in filling the physicians' prescriptions for patients. Turetsky further contends that while a pharmacist can substitute certain drugs for prescribed drugs, a pharmacist cannot substitute a drug that is not a therapeutically equivalent drug. Turetsky brings this action on behalf of his minor son J.T. (J.T.). Turetsky contends that J.T.'s physician wrote J.T. a prescription (Prescription) for Concerta to

1

treat J.T. for attention deficit hyperactivity disorder (ADHD). Turetsky asserts that when he sought to have the Prescription filled at one of Defendants' pharmacies, the pharmacist improperly substituted a generic drug (Generic) that was not a therapeutically equivalent drug for Concerta. Although Turetsky does not allege that J.T. actually received any less therapeutic value with the Generic, Turetsky asserts that technically Defendants did not abide by the guidelines for pharmacists when filling prescriptions.

Turetsky includes in his complaint claims alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.* (Count I), claims alleging a breach of implied warranties (Count II), and unjust enrichment claims (Count III). Defendants now move to dismiss all claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir.

1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

**DISCUSSION**

Defendants argue that Turetsky lacks standing because he does not allege that he or J.T. suffered any actual harm as a result of Defendants' alleged misconduct. To establish standing under Article III of the Constitution, a plaintiff must show: (1) that he "has suffered an injury in fact," (2) that the injury is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (3) that "the injury is fairly traceable to the challenged action of the defendant," and (4) that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)(internal quotations omitted)(quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000))(citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992)).

Defendants argue that Turetsky lacks standing because he has not alleged that he or J.T. actually received a less therapeutic benefit from the Generic or that J.T. actually incurred any physical harm. Turetsky does not dispute that he is not alleging that J.T. received a lesser therapeutic benefit because J.T. was given the Generic. Turetsky argues that he can still show an actual injury based upon a financial harm,

contending that if he had known that he was paying for a generic drug that was not a therapeutically equivalent drug, he would not have asked the Prescription to be filled and would not have paid the money for the Prescription. Turetsky contends that his financial harm was paying for a drug that they did not want. Such an argument lacks merit since Turetsky has not provided facts to suggest that he had any particular affinity for Concerta that would render any other comparable generic drug unacceptable. The facts in the complaint clearly suggest that the purpose of getting the Prescription was to treat J.T. for ADHD. Although Turetsky contends that the Generic was not a therapeutically equivalent product, Defendants are correct that Turetsky has not alleged or suggested that the Generic failed to act in the same manner as Concerta or failed to provide J.T. with safe and effective treatment for his ADHD. So in the end, even with the substitution, J.T. got what his physician and father desired, namely effective treatment for his ADHD. Turetsky offers no facts to explain his supposition now that in retrospect he would not have paid for the Prescription with the Generic. The court notes that Defendants contend the statements from the U.S. Food and Drug Administration relied upon by Turetsky merely indicated there had been only an isolated number of cases where the Generic failed to have the same therapeutic effect as Concerta. Turetsky does not allege facts that suggest that J.T. fell within that limited number of cases.

Turetsky does cite *In re Aqua Dots Products Liab. Litig.*, 654 F.3d 748 (7th Cir. 2011), which offers a potential avenue for standing in this case. (Resp. 5 n.26). In *Aqua*, the defendant manufactured a children's toy that contained beads made with

chemicals that caused health problems for children when ingested. *Id.* at 749-50. The defendants argued that the plaintiffs lacked standing because none of the plaintiffs or the children had actually been injured by swallowing the beads. *Id.* at 750-51. The Seventh Circuit concluded that while that meant "that members of the class did not suffer physical injury, . . . it does not mean that they were uninjured." *Id.* The Seventh Circuit stated that "[t]he plaintiffs' loss is financial: they paid more for the toys than they would have, had they known of the risks the beads posed to children" and that "[a] financial injury creates standing." *Id.*

Turetsky could argue in this case that as with the toys in *Aqua*, the risk that went with using the Generic, namely that in a small number of cases it was not as effective, reduced the market value of the Generic and meant that Turetsky overpaid for the Generic. The reduced market value for the Generic based upon the risks associated with the Generic, however minimal, would be a financial harm to Turetsky. As in *Aqua*, Turetsky would have paid more for the Generic than he would have, had he known of the risks the Generic posed to J.T. In such a situation, however, Turetsky would merely be pursuing compensation for the diminished value in the Generic based upon the risk that went with the Generic, not seeking compensation for any physical harm caused to J.T.'s health.

In the instant action, however, Turetsky does not assert in his complaint or opposition to the motion to dismiss that he is basing his claims upon overpaying for the Generic. Nor does Turetsky, in formulating his claims, reference the potential risk that went with the Generic, or the decreased market value in asserting he

suffered a financial harm. Turetsky asserts that "[a]s a result of Defendants' actions and inactions . . . , Plaintiff and the members of the class were damaged, having paid for a prescription drug that was therapeutically-equivalent to Concerta but having received a non-therapeutically equivalent product." (Compl. Par. 5, 46, 52). Turetsky makes repeated references in his complaint to safety guidelines and the protection of patient health making clear that Turetsky is premising his claims upon Defendants' allegedly placing patients' health in jeopardy and upon actual harm caused to patients' health by Defendants' alleged activities. (Compl. Par. 1, 13, 16-44). In this case, however, the facts alleged in the complaint suggest that neither Turetsky nor J.T. suffered any such harm. Even if Turetsky could establish that the Generic was not a therapeutically equivalent product, Turetsky has not shown any injury-in-fact harm stemming from receiving the Generic. Although Turetsky contends that he received the "wrong pills," he does not allege facts that show any concrete physical or financial harm to himself or J.T. as a result. (Resp. 8). Thus, Turetsky lacks standing in the instant action. Therefore, the motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 14, 2016